**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANTON JOHNSON** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO.  19-4313** |
| | : | |
| **ROBERT GILMORE, THE DISTRICT** | : | |
| **ATTORNEY OF THE COUNTY OF** | : | |
| **DELAWARE, PA., THE ATTORNEY** | : | |
| **GENERAL OF STATE OF** | : | |
| **PENNSYLVANIA** | : | |

## <u>MEMORANDUM</u>

**KEARNEY, J.**                                                                        **March 10, 2023**

A Delaware County jury found Anton Johnson guilty of aggravated assault over ten years ago. Mr. Johnson now seeks habeas relief after an unsuccessful direct appeal and two unsuccessful post-conviction relief petitions seeking collateral relief from his conviction. He asserts four ineffective assistance of trial counsel claims and ineffective assistance of post-conviction counsel claims, including a claim post-conviction counsel failed to object to the legality of his sentence. We must apply the highly deferential standard to the Pennsylvania trial and appellate court's detailed factual decisions denying Mr. Johnson's post-conviction petitions and finding his second petition is untimely. We deny habeas relief. We also find no basis for an evidentiary hearing or a certificate of appealability.

**I.      Relevant facts adduced from the state court record**.

The Delaware County Drug Task Force investigated Anton Johnson in October 2011 for drug sales and his suspected involvement in a home invasion, robbery, and shooting. Officers applied for a search warrant for Mr. Johnson's home supported by an affidavit of probable cause connecting Mr. Johnson to the home invasion, robbery, and shooting.[1]

### *Mr. Johnson's charged conduct.*

Undercover officer Detective Glen Bretz surveilled Mr. Johnson on October 14, 2011 and observed him leaving his home by car. Detective Bretz radioed other officers to stop Mr. Johnson. Several officers responded to the call, including Officer Steven Banner. Mr. Johnson, driving along the busy MacDade Boulevard during the afternoon rush, came to a red light. A Ridley Township police officer, with sirens and lights activated, pulled up behind Mr. Johnson's car and signaled him to stop. Another officer wearing his badge and with gun drawn, approached Mr. Johnson's car, identified himself as a police officer, and directed Mr. Johnson to keep his hands up and exit the car. A total of four marked patrol cars and six unmarked cars arrived at the scene.

Officer Banner arrived on the scene and parked his car perpendicularly in front of Mr. Johnson's car to block him from leaving. Officer Banner, wearing a jacket marked "Police" and with his weapon drawn, stood approximately fifteen to twenty feet from Mr. Johnson's car. Mr. Johnson, who had placed his hands over his head, lowered his hands and quickly accelerated his car toward Officer Banner. Officer Banner jumped out of the way to avoid being hit by Mr. Johnson's car but not before firing his gun once, hitting Mr. Johnson's windshield. Mr. Johnson sped away into  oncoming traffic as cars swerved to avoid him. Police apprehended Mr. Johnson after Officer Banner collided his police car with Mr. Johnson's car.

The Commonwealth charged Mr. Johnson with attempted criminal homicide, aggravated assault, recklessly endangering another person, and resisting arrest.

### *Public Defender Bauer's pretrial representation.*

Public Defender Jeffrey Bauer represented Mr. Johnson until trial. Defender Bauer negotiated a plea offer with the Commonwealth in January 2012, including a term of four-and-a-

half to ten years imprisonment on the aggravated assault charge and forfeiture of the car belonging to his mother he drove at the time of his arrest. At the time of the Commonwealth's offer, the District Attorney had some information about an earlier murder conviction on Mr. Johnson's record in North Carolina but had not yet confirmed it. Public Defender Bauer advised Mr. Johnson the earlier murder conviction could present a problem and recommended to Mr. Johnson he accept the Commonwealth's offer. Mr. Johnson rejected the plea offer.

### Mr. Johnson proceeds to trial with Attorney Wheeler and is convicted of aggravated assault.

Mr. Johnson's mother then retained private counsel, attorney Lacy Wheeler, for trial. Attorney Wheeler filed, and the trial court granted, a motion in limine to exclude reference to Mr. Johnson's past criminal history and the reasons why the Delaware County Drug Task Force investigated and stopped Mr. Johnson on October 14, 2011.

Trial began on March 28, 2012 on two charges: attempted criminal homicide and aggravated assault. The Commonwealth withdrew the other charges before trial. A jury convicted Mr. Johnson of aggravated assault but acquitted him of attempted criminal homicide. The trial court sentenced Mr. Johnson on May 8, 2012 to 120 to 240 months imprisonment based on his second offense under Pennsylvania's Sentencing Code.[2] The trial court denied Mr. Johnson's motion for judgment of acquittal and motion for new trial.

### Mr. Johnson files a direct appeal.

Mr. Johnson filed an appeal from the judgment of sentence raising two issues: (1) insufficient evidence to prove all elements of the offense of aggravated assault because the Commonwealth failed to establish beyond a reasonable doubt he acted with the requisite intent necessary to prove he attempted to cause bodily injury to Officer Banner; and (2) the verdict went against the weight of the evidence because it is unreasonable for a jury to infer he intended to hit

Officer Banner with his car. The Pennsylvania Superior Court affirmed the judgment of sentence on January 24, 2013.[3] The Pennsylvania Supreme Court denied Mr. Johnson's petition for allowance of appeal on August 21, 2014.[4]

### *Mr. Johnson files his first Post-Conviction Relief Act petition and a hearing is held.*

Mr. Johnson then pro se petitioned on January 29, 2015 for post-conviction collateral review of his sentence asserting ineffective assistance of trial counsel. The post-conviction court appointed attorney Stephen Molineux as counsel. Attorney Molineux filed an amended post-conviction petition claiming ineffective assistance of trial counsel on multiple grounds.[5]

The Honorable James F. Nilon, Jr. held an evidentiary hearing on July 14 and August 10, 2017. Attorney Molineux withdrew all but four claims: ineffective assistance of trial counsel for failing to (1) file a motion to suppress the arrest for lack of probable cause; (2) request a jury instruction on justification; (3) convey the plea offer from the Commonwealth; and (4) object to improper inferences by Commonwealth witnesses regarding Mr. Johnson's criminal activity for which the police surveilled him just before his arrest. Mr. Johnson, Attorney Wheeler, Public Defender Bauer, the Assistant District Attorney who prosecuted the underlying criminal action, and a Westtown East Goshen Police Officer all testified at the hearing.

Judge Nilon retired, and the trial court reassigned the matter to Judge Capuzzi.[6] After considering the evidence adduced over two days, Judge Capuzzi concluded Public Defender Bauer and Attorney Wheeler provided constitutionally effective assistance to Mr. Johnson during the time each represented him, Mr. Johnson failed to meet his burden of proof under the Act and denied Mr. Johnson's petition seeking post-conviction relief. Judge Capuzzi issued 144 paragraphs of factual findings based on the evidence adduced at the July 14 and August 10, 2017 hearings. Judge Capuzzi analyzed each of Mr. Johnson's ineffective assistance claims against the standard

of *Strickland v. Washington*.[7] On the first issue, Judge Capuzzi concluded Attorney Wheeler did not render ineffective assistance by failing to file a motion to suppress the October 14, 2011 arrest because the stop and arrest were supported by probable cause. Judge Capuzzi reasoned the police involved in stopping Mr. Johnson on the day of his arrest had probable cause to stop him based on their knowledge of his involvement in the home invasion and, second, while conducting the stop, Mr. Johnson accelerated his car toward Officer Banner. Based on the evidence, Judge Capuzzi found "ample" probable cause to stop and arrest Mr. Johnson and found no legal basis for Attorney Wheeler to file a motion to suppress the arrest for lack of probable cause.

On the second issue, Judge Capuzzi concluded Attorney Wheeler did not render ineffective assistance by failing to seek a "justification" jury instruction where Mr. Johnson denied any wrongdoing. Judge Capuzzi noted Pennsylvania's Crimes Code provides a defense of justification allowing for use of force justifiable for protection of the person claiming the defense. But, Judge Capuzzi reasoned, such a defense is inconsistent with Mr. Johnson's theory of the case at trial and his own version of events at the PCRA hearing where he denied trying to strike Officer Banner with his car, and instead testified he only maneuvered his car to avoid being shot by police. Judge Capuzzi found Mr. Johnson denied the very conduct he sought to justify.

On the third issue, Judge Capuzzi concluded Attorney Wheeler did not render ineffective assistance by failing to object to the testimony by a Commonwealth witness allegedly inferring Mr. Johnson's involvement in the earlier home invasion for which the police investigated him on the day of the arrest. The Commonwealth's witness Detective Bretz testified at trial he engaged in an undercover operation and observed Mr. Johnson leaving his home and driving away in his car. Mr. Johnson argued the jury could have inferred the reason the detective surveilled him is because of earlier criminal activity. Judge Capuzzi disagreed. He noted Attorney Wheeler filed a motion,

5

granted by Judge Nilon before trial, to exclude reference to the home invasion and shooting involving Mr. Johnson. Judge Capuzzi concluded the motion in limine excluding such references protected Mr. Johnson from possible prejudice, the detective's testimony at trial did not refer to Mr. Johnson's earlier criminal activity, and the jury never knew of Mr. Johnson's involvement in earlier criminal activity as the reason for the stop. Judge Capuzzi found Attorney Wheeler employed reasonable trial strategies in not objecting to the detective's testimony after successfully moving in limine to exclude reference to Mr. Johnson's earlier criminal activity,.

Judge Capuzzi lastly concluded Public Defender Bauer and Attorney Wheeler were not ineffective in handling the Commonwealth's plea offer. Judge Capuzzi considered the testimony of Mr. Johnson, Attorney Wheeler, and Public Defender Bauer at the evidentiary hearing and concluded Public Defender Bauer properly conveyed the Commonwealth's plea offer and recommended to Mr. Johnson he accept the plea. Judge Capuzzi found Public Defendant Bauer credibly testified he conveyed the Commonwealth's offer to Mr. Johnson, but Mr. Johnson rejected it. Judge Capuzzi further found, as a matter of fact, by the time Attorney Wheeler entered his appearance, the Commonwealth had withdrawn its plea offer and, even after Attorney Wheeler entered his appearance, Mr. Johnson made clear he did not want to plead guilty and instead wanted to proceed to trial. Judge Capuzzi denied the ineffectiveness of counsel claim based on this ground.

Mr. Johnson appealed Judge Capuzzi's dismissal of his post-conviction petition. The Pennsylvania Superior Court affirmed Judge Capuzzi on January 7, 2019.[8] The Pennsylvania Supreme Court denied Mr. Johnson's petition for allowance of appeal on June 25, 2019.[9]

### *Mr. Johnson files a second Post-Conviction Relief Act petition.*

Mr. Johnson then pro se filed a second post-conviction petition on August 21, 2019 raising ineffective assistance of his post-conviction counsel Attorney Molineux at the post-conviction

hearing in July and August 2017, including Attorney Molineux's failure to challenge the legality of the sentence.[10]

Judge Capuzzi dismissed Mr. Johnson's second post-conviction petition on February 18, 2020 as untimely because Mr. Johnson did not file it within one year of the date his judgment of sentence became final on August 21, 2014. Judge Capuzzi found Mr. Johnson is not entitled to a post-conviction hearing as a matter of right under Pennsylvania law and the court may decline to hold a hearing if these is no genuine issue of material fact, the petitioner is not entitled to relief, and no purpose would be served by any further proceeding. Judge Capuzzi found no exception applied to excuse Mr. Johnson's untimeliness, declined to hold a hearing, dismissed his second post-conviction petition as untimely, and concluded Mr. Johnson's sentence is not illegal.

Mr. Johnson appealed from Judge Capuzzi's Order denying his second post-conviction petition. The Pennsylvania Superior Court affirmed Judge Capuzzi on March 8, 2021.[11] The Pennsylvania Supreme Court denied Mr. Johnson's petition for allowance of appeal on September 22, 2021.[12]

### Mr. Johnson seeks habeas relief during the pendency of his second Post-Conviction Relief Act Petition.

One month after filing his second post-conviction petition and before the exhaustion of those claims in state court, Mr. Johnson pro se petitioned for habeas relief here on September 8, 2019.[13] Mr. Johnson immediately moved to stay his habeas petition while he planned on "fil[ing] a Third PCRA" in state court he characterized as based on "newly discovered evidence"; "layered [i]neffective [a]ssistance of [c]ounsel claims"; and "a *Brady* violation by the [p]rosecution."[14]

Mr. Johnson advised he planned to "include all claims with his [w]rit of [h]abeas [c]orpus issues once his [s]tate [p]roceedings concludes"; he explained he moved for stay and abeyance "so he would not be barred or procedurally defaulted, so [he] would not have exhausted and/or

unexhausted claims of mixed issues"; and within sixty days of the conclusion of his second post-conviction petition, he will advise us "whether he intends on pursuing his [f]ederal [h]abeas petition."[15]

Judge Jones granted Mr. Johnson's motion to proceed *in forma pauperis* and referred the habeas petition to Judge Strawbridge for a report and recommendation.[16] Judge Strawbridge recommended we stay the habeas petition raising the four exhausted claims while Mr. Johnson fully exhausts the claims asserted in the second PCRA petition.[17] Judge Jones approved and adopted Judge Strawbridge's recommendation and stayed Mr. Johnson's habeas petition on October 16, 2019.[18] Judge Jones ordered Mr. Johnson to notify the court when he is ready to proceed on his habeas petition within sixty days after the conclusion of his state court proceedings.

### Mr. Johnson moves to extend the stay in January 2022.

Mr. Johnson's second post-conviction claim become fully exhausted on September 22, 2021 when the Pennsylvania Supreme Court denied his petition for allowance of appeal. Over four months later on January 30, 2022, Mr. Johnson moved to extend the stay on resolving his habeas petition because he did not learn of the Pennsylvania Supreme Court's September 22, 2021 denial of his petition for allowance of appeal until January 26, 2022.[19] Mr. Johnson asked Judge Jones to continue the stay "until he is able to exhaust his previously defaulted issues in the state court."[20] It is unclear the state law claims Mr. Johnson refers to because, as of September 22, 2021, he had fully exhausted both of his post-conviction petitions and he offers no basis to find he filed a third post-conviction petition in state court.

We granted Mr. Johnson more time and stayed resolving his habeas petition pending exhaustion of his claims in state court and directed him to file a status report with us regarding the exhaustion of his state law claims.[21] He failed to file a status report after two months. We lifted

the stay on September 28, 2022 and ordered the Commonwealth to respond to Mr. Johnson's habeas petition.[22]

### *Mr. Johnson notifies us of "new evidence" in the underlying criminal case he contends demonstrates his actual innocence.*

Mr. Johnson filed a "Notice" on October 20, 2022 purporting to identify new evidence in his underlying criminal action he believes shows his actual innocence and supports his argument the Commonwealth withheld evidence in the underlying criminal action in violation of *Brady v. Maryland*.[23] Mr. Johnson contends: (1) he hoped, but had not been able, to hire an accident reconstruction expert to show (a) the bullets fired by officers during his October 14, 2011 arrest demonstrate police lied about Officer Banner's position in front of Mr. Johnson's car; and (b) the position of Mr. Johnson's car at the time of the stop; (2) the car he drove at the time of his October 14, 2011 arrest has a computer chip in the steering mechanism never tested which will show his actual innocence; (3) Officer Banner, the District Attorney, and his trial counsel failed to disclose, in violation of *Brady v. Maryland*, an informant giving information to police triggering the October 14, 2011 incident cooperated with police in exchange for a promise made by police to the informant for the release of the informant's son from jail; (4) ineffectiveness of post-conviction counsel Molineux in refusing to submit new witness statements; and (5) medical records will show Mr. Johnson suffers from post-traumatic stress disorder, bipolar disorder, insomnia, and paranoia and is on medication causing his actions on October 14, 2011.[24]

These claims as identified in Mr. Johnson's October 2022 "Notice" are not the subject of his pending habeas petition and have not been presented in state court. Mr. Johnson asks we allow him to bring these new claims after he files another post-conviction petition in state court which he has previewed for over forty months without showing the filing. He also advised he intends to

retain counsel to represent him going forward.[25]   Mr. Johnson has not shown a third post-conviction petition. He has not retained counsel for this case.

### *We ordered the Commonwealth to respond to Mr. Johnson's habeas petition and his October 20, 2022 Notice.*

We ordered the Commonwealth to respond to Mr. Johnson's habeas petition as well as his October 20, 2022 Notice.[26] The Commonwealth responded to Mr. Johnson's habeas petition only.[27] Mr. Johnson did not file a reply.

## II.    Analysis

We now have two groups of exhausted claims asserted by Mr. Johnson in his habeas petition: (A) the four ineffective assistance of trial counsel claims for failure to (1) file a motion to suppress the arrest for lack of probable cause; (2) request a jury instruction on justification; (3) convey the plea offer from the Commonwealth; and (4) object to improper inferences by Commonwealth witnesses regarding Mr. Johnson's criminal activity for which the police surveilled him just before his arrest constitutes ineffective assistance; and (B) ineffective assistance of post-conviction counsel Molineux and a challenge to the legality of his sentence.

The United States Supreme Court directs federal habeas review does not serve as "a substitute for ordinary error correction through appeal"; habeas relief is an "extraordinary remedy … guard[ing] only against 'extreme malfunctions in the state criminal justice systems.'"[28] To ensure the narrow role of federal habeas review, Congress through the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits our review of a habeas petition. Congress speaks in mandatory terms: a habeas petition "***shall not*** be granted with respect to any claim" adjudicated on the merits in state court "***unless*** the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as

determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[29]

A state prisoner raising federal challenges to his state court conviction must first exhaust his claims in state court before seeking federal habeas relief.[30] If a state prisoner satisfies the exhaustion requirement, we may hear his federal habeas claims but the review we apply is "highly circumscribed."[31] We may not develop and consider new evidence, and our review is limited to evidence presented in the state court and the petitioner must demonstrate no "'fairminded juris[t]' could have reached the same judgment as the state court." [32] We presume factual issues determined by a state court are correct.[33] And the petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence.[34]

### A. The state court's ruling on the ineffective assistance of trial counsel claims is neither contrary to federal law nor objectively unreasonable.

Mr. Johnson's four ineffective assistance of trial counsel claims are properly exhausted, having presented those claims in "one complete round of the State's established appellate review process."[35] The post-conviction court held a hearing and denied the petition, the Pennsylvania Superior Court affirmed based on the post-conviction court's comprehensive opinion, including 144 findings of fact based on the two-day evidentiary hearing, and the Pennsylvania Supreme Court denied a petition for allowance of appeal.

The four claims assert ineffective assistance of trial counsel for failing to (1) file a motion to suppress the arrest for lack of probable cause; (2) request a jury instruction on justification; (3) convey the plea offer from the Commonwealth; and (4) object to improper inferences by Commonwealth witnesses regarding Mr. Johnson's criminal activity for which the police surveilled him just before his arrest.

The Sixth Amendment guarantees the right to counsel in criminal prosecutions, including the right to the effective assistance of counsel.[36] There is no right to counsel in state collateral proceedings, including state post-conviction proceedings.[37] To prevail on ineffective assistance of counsel claims, a petitioner must show a deficiency in his counsel's performance "so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment" and the deficient performance prejudiced the defense.[38] Our inquiry into the ineffective assistance of counsel claim is thus two-pronged: (1) the petition must demonstrate deficiency in counsel's performance; and (2) counsel's actions prejudiced the defense.[39] We presume counsel's performance "falls within the wide range of professional assistance" and it is the petitioner's burden to "overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."[40]

Pennsylvania's test for assessing ineffective assistance of counsel claims is the same as *Strickland*.[41] The relevant question is whether the Pennsylvania Superior Court's decision constitutes an unreasonable application of *Strickland*. When evaluating an ineffective assistance of counsel claim under section 2254, our focus is only on whether the state court's determination is unreasonable and not whether the decision is correct, a "substantially higher threshold."[42] Where, as here, a Pennsylvania appellate court addressed an ineffectiveness of counsel claim on the merits, our review is "doubly deferential."[43] This means a petition must show the state court's application of *Strickland* is unreasonable under section 2254(d); a difficult standard to meet.[44]

### 1.  Trial counsel Wheeler did not render ineffective assistance for failing to move to suppress the stop and arrest for lack of probable cause.

Mr. Johnson contends the police lacked probable cause to stop him on October 14, 2011 and arrest him because police did not have a warrant and "there was not any reason to stop and arrest him making the arrest illegally [sic]"[45] The Pennsylvania Superior Court, adopting the

reasoning of Judge Capuzzi, found this claim meritless because the evidence showed "ample probable cause to stop and arrest" Mr. Johnson and "there was no legal basis" for Attorney Wheeler to file a motion to suppress.

To determine whether police have probable cause for an arrest, we "examine the events leading up to the arrest, and then decide 'whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to' probable cause."[46] Probable cause is a "fluid concept," dealing with "probabilities and depends on the totality of the circumstances."[47] As such, probable cause "is not a high bar."[48]

After a two-day evidentiary hearing, Judge Capuzzi concluded the police had probable cause to stop and arrest Mr. Johnson. Judge Capuzzi reasoned the police had an affidavit of probable cause to search Mr. Johnson's house on October 14, 2011 based on information then known to the police regarding Mr. Johnson's involvement in an earlier home invasion, robbery, and shooting to which Mr. Johnson admitted at the post-conviction hearing he pleaded guilty. Judge Capuzzi further reasoned even if police stopped Mr. Johnson on October 14, 2011 without probable cause, a suppression motion would still fail because Mr. Johnson fled officers in a "violent, reckless manner" after being stopped. Judge Capuzzi found no legal basis for Attorney Wheeler to move to suppress the stop and arrest. Judge Capuzzi found Mr. Johnson failed to show Attorney Wheeler deficient for failing to pursue a futile suppression motion and prejudice.

It is not our role as a federal habeas court to revisit factual findings made by Judge Capuzzi during the post-conviction process after an evidentiary hearing. Our review is limited to the evidence presented to the state court and we presume the detailed factual findings are correct. Mr. Johnson has the burden of rebutting the presumption of correctness by clear and convincing evidence. Mr. Johnson does not present an argument to rebut the presumption. He fails to show

how Judge Capuzzi's and the Superior Court's decisions are contrary to or an unreasonable application of clearly established federal law or an unreasonable determination of the facts.

The Superior Court's conclusion trial counsel is not ineffective for failing to move to suppress the stop and arrest for lack of probable cause is neither contrary to, nor an unreasonable application of, *Strickland* and it is not based on an unreasonable determination of the facts considering the evidence presented. We deny habeas relief on this ineffective assistance claim.

### 2.   Trial counsel Wheeler did not render ineffective assistance for failing to seek a "justification" jury instruction.

Mr. Johnson next argues Attorney Wheeler's ineffective assistance for failing to request a jury instruction on "justification." Mr. Johnson argued in his post-conviction petition a justification defense is available where he reasonably believed himself in genuine danger of death or serious bodily harm while being arrested. Mr. Johnson argued his flight from the scene is justified based on his belief police would shoot him.

The Pennsylvania Superior Court found this claim meritless, adopting Judge Capuzzi's detailed findings of fact and conclusions of law. Judge Capuzzi rejected Mr. Johnson's ineffectiveness argument for two reasons: first, under Pennsylvania law a justification defense is not available when resisting arrest; and second, Mr. Johnson denied the conduct which he now seeks to justify, that is, deadly force in fleeing the scene in defense of himself. [49]

Attorney Wheeler testified during the post-conviction hearing he did not pursue a justification instruction because a justification defense would require Mr. Johnson admit the conduct in driving his car toward Officer Banner to avoid being shot. Attorney Wheeler also testified he explained the justification defense to Mr. Johnson before trial and Mr. Johnson insisted he never attempted to strike Officer Banner. Attorney Wheeler testified he did not pursue a justification defense because "a justification defense would require that [Mr. Johnson] would have

to say yeah I did it but I was justified in doing it"; Mr. Johnson did not want to pursue a justification

defense because it would require him to "say I did it, and so when you have a jury trial and your

client has already said to the jury here is an attempted murder charge, I did it but I was justified,

that doesn't go over very well not in front of the jury in my experience anyway"; Mr. Johnson did

not ask Attorney Wheeler to pursue a justification defense at trial; and Mr. Johnson explained "he

was just trying to get out of the way of a hail of bullets. So it wasn't like he was trying to run over

the police officer. The hail of bullets came and he was trying to duck up out of there and get out

of there", and Attorney Wheeler took Mr. Johnson's explanation as an assertion of innocence

inconsistent with a justification defense.[50]

      Mr. Johnson testified at the time police stopped him an officer in front of him told him not

to move and other officers told him to turn the car off and to get out of his car "but the only thing

[he] was really paying attention what the officer said he was going to do to me if I moved."[51] Mr.

Johnson further testified: "So my hands are still up while I am talking to the officer beside me on

the right hand side. The one who told me to turn the car off. I told the officer I will turn the car off,

but I have to put the car in park first.  . . . So as I went to go put the car in park, I heard a gun – the

officer in front of me starting shooting so I ducked down in the car as far as I can go because I was

200 and some pounds. And I am in a cockpit of an Impala. And by me being down in the cockpit

of the Impala, my feet is hitting the gas and the brake at the same time causing the car to jerk."[52]

Mr. Johnson continued to testify he did not move his car in any way before officers began shooting

at him and the car only moved after he ducked down causing his feet to hit the gas pedal.[53]

      Judge Capuzzi found a justification jury instruction inconsistent with Mr. Johnson's theory

of the case and his own version of the events as he testified at the post-conviction hearing. Judge

Capuzzi found no fact basis for a justification jury instruction and concluded Attorney Wheeler

did not render ineffective assistance. Mr. Johnson does not explain how Attorney Wheeler's performance in light of the evidence is deficient or how Attorney Wheeler's actions prejudiced the defense. Mr. Johnson failed to demonstrate how the Superior Court's determination of this claim is contrary to or an unreasonable application of clearly established federal or constitutional law or how he is prejudiced. He failed to demonstrate he is entitled to habeas relief on this ineffective assistance claim.

> **3.** **Trial counsel Wheeler did not render ineffective assistance by failing to object to alleged inferences by a Commonwealth witness to Mr. Johnson's earlier criminal activity and investigation by police.**

Attorney Wheeler successfully moved before trial to exclude evidence of Mr. Johnson's earlier murder conviction in another state as well as evidence regarding the criminal investigation into Mr. Johnson's involvement in the home invasion, robbery, and shooting. The Commonwealth presented the trial testimony of Detective Bretz, the officer who surveilled Mr. Johnson outside the Bullens Lane home in Woodlyn on October 14, 2011.

Detective Bretz testified regarding his observation of Mr. Johnson:

Q.      [I] want to draw your attention back to October 14 of last year, 2011, at approximately 2:10 in the afternoon. Were you on duty that day?

A.      Yes.

                                     . . .

Q.      And were you in a patrol vehicle? What were you doing there?

A.      We were just doing an investigation. I was in an undercover car.[54]

Mr. Johnson claims the jury could have inferred from this portion of Detective Bretz's trial testimony Mr. Johnson's involvement in criminal activity and under investigation by the police at the time of his arrest. He contends Attorney Wheeler's failure to object to the testimony constitutes ineffective assistance.

Judge Capuzzi concluded the jury never actually knew of Mr. Johnson's earlier criminal activity, the reason for the stop, and found Detective Bretz's testimony "benign" particularly where Attorney Wheeler successfully precluded reference to Mr. Johnson's earlier criminal activity and the reason for the stop. Judge Capuzzi concluded Attorney Wheeler implemented a reasonable trial strategy for not objecting to Detective Bretz's testimony given the prejudicial evidence he already succeeded in preventing the jury from hearing. Judge Capuzzi concluded Mr. Johnson failed to prove ineffectiveness of Attorney Wheeler based on a failure to object to Detective Bretz's testimony.

Judge Capuzzi considered the evidence and rejected Mr. Johnson's claim. Under *Strickland*, we review Attorney Wheeler's performance deferentially and, under section 2254(d), review Judge Capuzzi's application of *Strickland* deferentially. Based on this "doubly deferential" standard, we cannot find Attorney Wheeler's strategy ineffective if "there is any reasonable argument that counsel satisfied *Strickland's* deferential standard."[55] Attorney Wheeler successfully moved to exclude any reference to Mr. Johnson's earlier criminal history and the reason for the stop. We cannot find a reasonable argument for Attorney Wheeler to object to Detective Bretz's innocuous testimony as it would only have highlighted Mr. Johnson's criminal activity Attorney Wheeler already successfully excluded. Judge Capuzzi found no reason for such an objection. We must defer to Judge Capuzzi's fact findings unless it is unreasonable in light of the evidence presented to him. There is no such evidence in the record. We deny Mr. Johnson's ineffective assistance claim based on this ineffective assistance claim.

### 4. Trial counsel did not render ineffective assistance regarding the handling of a plea offer from the Commonwealth.

Mr. Johnson asserts Public Defendant Bauer and Attorney Wheeler were ineffective in their handling of the Commonwealth's plea offer. Mr. Johnson asserts trial counsel did not inform

him of the Commonwealth's plea offer but also, contradictorily, asserts trial counsel advised him to reject the plea offer.

Public Defendant Bauer testified during the post-conviction hearing of the Commonwealth, at a January 4, 2012 pre-trial conference, offering Mr. Johnson a chance to plead guilty to the aggravated assault charge in exchange for a sentence of four-and-a-half to ten years imprisonment, forfeiture of the car, and other terms.[56] Public Defender Bauer testified he wrote the offer on the front of his file, as is his usual practice, and then communicated the offer to Mr. Johnson in person who, at the time, remained confined in the courthouse lockup cell.[57] Public Defender Bauer swore he determined the Commonwealth made a reasonable offer and conveyed the information to Mr. Johnson.[58] Public Defender Bauer testified after conveying the offer, Mr. Johnson made clear he did not want the offer and intended to go to trial.[59]

Public Defender Bauer testified at the time the Commonwealth extended the offer, the District Attorney mentioned "a likelihood, if not a certainty" Mr. Johnson had an earlier murder conviction from another state.[60] Public Defender Bauer made a note on the front of his file and confirmed he told Mr. Johnson the District Attorney knew of a possible earlier murder conviction from another state "that may come into play here upon sentencing."[61] Public Defender Bauer testified he communicated the Commonwealth's offer to Mr. Johnson and recommended accepting it and reviewed the sentencing ranges with Mr. Johnson.[62]

Public Defender Bauer withdrew his representation when Mr. Johnson's mother retained Attorney Wheeler for trial. Public Defender Bauer communicated the Commonwealth's offer to Attorney Wheeler.[63] Attorney Wheeler testified by the time he took over Mr. Johnson's representation, the Commonwealth withdrew the plea offer because the District Attorney's office learned about Mr. Johnson's earlier murder conviction in North Carolina.[64]

Mr. Johnson testified a Public Defender communicated the Commonwealth's offer.[65] Mr. Johnson did not testify the Public Defender told him to reject the plea offer. Mr. Johnson instead testified he told the Public Defender he "would take the deal" but had to confirm with his mother whether the car could be forfeited because she owned the car.[66] Mr. Johnson testified he never saw a Public Defender again and he next saw Attorney Wheeler.[67] Mr. Johnson testified when he spoke to Attorney Wheeler, he asked "what happened to the deal offer."[68] Judge Capuzzi then colloquied Mr. Johnson regarding his desire to accept the Commonwealth's plea offer as inconsistent with Mr. Johnson's testimony he also wanted Attorney Wheeler to file a suppression motion before trial:

> Court: [I]n your discussions with Mr. Wheeler you are telling him you want to take the offer extended by the Commonwealth?
>
> A: Yeah, at that time when it was first presented to me Your Honor.
>
> Court: At the same time you are discussing with [Attorney Wheeler] the fact that you want him to file a motion for suppression, that you are innocent, and that you were justified in moving the vehicle because you were in fear *et cetera*?
>
> A: Yes.
>
> Court: You are also telling him that?
>
> A: I was telling two different attorneys two different things Your Honor.
>
> Court: Now we are talking about [Attorney] Wheeler now, I just wrote it all down.
>
> A: Now say what you said again sir can you repeat that please?
>
> Court: You said you met with him two times more before trial. The second you argued over tactics. I kept asking him what happened to the deal.
>
> A: Right.
>
> Court: Okay, that I told him to get the video form the cameras in the area. We argued about the suppression again.
>
> A: Yes.

Court:  He said trust me. He wanted me to pay for a private investigator whom I never met.
Then you list the witnesses that you wanted him to find.

A.      Yes.

Court:  All I am suggesting to you is you are giving the Court two different positions in
regard to your relationship with your lawyer. One you are demanding to get the
deal, that you want to take the deal. And at the same time you are protesting your
innocence and telling him all this trial strategy that you want him to employ in
defending you?

A:      Yes.

Court:  Those things are contradictory.[69]

Judge Capuzzi analyzed the evidence adduced during the two-day hearing to reach his

144-paragraphs of factual findings. Judge Capuzzi found credible Public Defender Bauer properly

conveyed the Commonwealth's plea offer to Mr. Johnson and recommended he accept it and,

despite the recommendation to take the offer, Mr. Johnson rejected it. Judge Capuzzi further found

credible Attorney Wheeler's testimony by the time he entered his appearance, the Commonwealth

had withdrawn its offer based on Mr. Johnson's murder conviction in North Carolina.

Judge Capuzzi's credibility determinations, affirmed by the Pennsylvania Superior Court,

are findings of fact presumed by Congress to be correct under section 2254(e)(1). Mr. Johnson

bears the burden of rebutting the presumption of correctness by clear and convincing evidence.

We cannot find Judge Capuzzi's determinations soundly based on his credibility findings resulted

in a decision based on an unreasonable determination of the facts in light of the evidence

presented.[70] Mr. Johnson's claim does not meet the doubly deferential standard. He fails to identify

any decision of the state courts contrary to or an unreasonable application of clearly established

federal law. He does not meet his burden of proving ineffective assistance of counsel and we deny

habeas relief on this ineffective assistance claim.

**B. We must defer to the state court's ruling the second petition is time-barred.**

The claims raised by Mr. Johnson pro se in his second post-conviction petition asserting ineffective assistance of Attorney Molineux as post-conviction counsel including a challenge to the legality of his sentence are now exhausted.[71] But these claims are time-barred. Judge Capuzzi dismissed Mr. Johnson's second post-conviction petition without a hearing as untimely under Pennsylvania law. The Pennsylvania Superior Court affirmed Judge Capuzzi's dismissal and the Pennsylvania Supreme Court denied his petition for allowance of appeal.

Under Pennsylvania's Post Conviction Relief Act, "[a]ny petition … including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless the petitioner can show one of three exceptions: (1) the failure to raise the claim is the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of the Commonwealth or the Constitution or laws of the United States; (2) the facts on which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or (3) the right asserted is a constitutional right recognized by the Supreme Court of the United States or Supreme Court of Pennsylvania after the one-year time period and held by the court to apply retroactively.[72]

Under Pennsylvania law, the Act's time limitation is jurisdictional.[73] "The [Act's] strict one-year limit on filing a petition reflects the General Assembly's intent to accord finality to the criminal process."[74] And the General Assembly provided only three statutory exceptions to the time-bar. Judge Capuzzi found Mr. Johnson's second post-conviction petition untimely on its face, Mr. Johnson did not allege an exception to the one-year time bar, ineffectiveness of Attorney Molineux as counsel is not an exception under Pennsylvania law, and Mr. Johnson's sentence is not illegal.

The Pennsylvania Superior Court affirmed Judge Capuzzi. The Superior Court first noted Mr. Johnson's judgment of sentence became final in 2014 and his second post-conviction petition filed in 2019 is patently untimely.[75] The Superior Court explained Mr. Johnson must come within an exception to the Act's timeliness argument for the court's exercise of jurisdiction over the claims. The Superior Court affirmed Judge Capuzzi's dismissal of Mr. Johnson's ineffective assistance of his post-conviction counsel Attorney Molineux without a hearing. The Superior Court explained under Pennsylvania law, if a post-conviction petition is determined to be untimely and no exception has been pleaded and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition.[76] And under Pennsylvania law, ineffective assistance of counsel does not overcome the jurisdictional timeliness requirements of the Act.[77]

The Superior Court construed Mr. Johnson's second post-conviction petition to allege affidavits from two eyewitnesses, James Harding and Virgean Jones, as falling within the newly discovered evidence exception to the Act's time bar under section 9545(b)(1)(ii).[78] Mr. Johnson argued the affidavits constitute non-cumulative, exculpatory evidence not earlier discoverable through the exercise of reasonable diligence, not presented solely for the purpose of impeaching credibility, and would likely have compelled a different verdict if Mr. Harding and Ms. Jones testified at his criminal trial. The Superior Court rejected Mr. Johnson's argument. It found he failed to meaningfully develop the argument and failed to explain why he could not have earlier discovered Mr. Harding and Ms. Jones through due diligence. The Superior Court further found Mr. Johnson did not present Mr. Harding's affidavit, dated October 4, 2018, until nearly six years after the conclusion of his May 2012 trial and then only in his second post-conviction petition challenging Attorney Molineux's assistance as his post-conviction counsel. The Superior Court

also found Mr. Johnson failed to explain why it took him more than six years to obtain Mr. Harding's affidavit and what efforts he undertook to obtain it. As for Ms. Jones's affidavit, the Superior Court found Mr. Johnson did not present it to Judge Capuzzi, the affidavit is undated, Mr. Johnson failed to offer when he obtained the affidavit from Ms. Jones or why it took nearly eight years after trial to obtain her statement and the efforts he took to obtain it. The Superior Court concluded Mr. Johnson failed to demonstrate he acted with adequate diligence to coming within the newly discovered evidence exception to the Act's one-year time bar. The Superior Court affirmed Judge Capuzzi's dismissal of his second post-conviction petition as untimely.[79]

We must defer to the Pennsylvania Superior Court's finding Mr. Johnson's second post-conviction petition is untimely as a matter of Pennsylvania law.[80] "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2).'"[81] Mr. Johnson's untimely post-conviction petition does not toll the limitations period for a federal habeas petition making his habeas petition not "properly filed" under AEDPA.[82]

### C.  Mr. Johnson's "Notice" of additional claims are time-barred.

Mr. Johnson filed a "Notice" in response to our lifting the stay on October 20, 2022, three years after filing his habeas petition and second post-conviction petition.[83] He now advises us of "new evidence to be submitted" which he may hope to include in his habeas petition "after exhausting the appeal process in the lower courts with these new findings."[84] Mr. Johnson advises he "will be filing a secondary [post-conviction petition] challenging … issues that [have] [not] been reviewed" by us to show his actual innocence.[85] Mr. Johnson has not shown a third post-conviction petition raising new evidence to show his actual innocence in state court. For reasons explained as to his time-barred second post-conviction petition, Mr. Johnson's planned third petition possibly raising new evidence has not been brought in state court and even if it had, this

third petition would likely be time-barred under Pennsylvania law. As such, it is not properly before us for habeas review.

**D.  Mr. Johnson is not entitled to an evidentiary hearing.**

Our scope of review under section 2254 is limited. We will not hold an evidentiary hearing on Mr. Johnson's habeas petition where he had a full opportunity to develop a factual record in state proceedings.[86] Judge Nilon held a two-day evidentiary hearing on Mr. Johnson's first post-conviction petition. Judge Capuzzi did not hold a hearing on Mr. Johnson's second post-conviction petition because of the one-year PCRA time bar.

The factual record is developed. Congress directs we "shall not" grant a habeas petition adjudicated on the merits in the state court unless the adjudication of the claim results in a decision contrary to or is an unreasonable application of clearly established federal law or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented to the state court.[87] Where the state court already made factual determinations, Congress requires us to presume the determinations to be correct with a burden on the habeas petitioner to rebut the presumption by clear and convincing evidence.[88]

We cannot hold an evidentiary hearing on Mr. Johnson's ineffective assistance of trial counsel claims adjudicated on the merits in state court. Mr. Johnson failed to demonstrate the adjudication of his claim based on the state court record resulted in a decision contrary to or involving an unreasonable application of federal law or is based on an unreasonable determination of the facts presented to the state court. There is no basis to hold an evidentiary hearing.

**E.  There is no basis for a certificate of appealability.**

We cannot find a basis for a certificate of appealability. "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . .

the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court."[89] We may issue a certificate of appealability if "the applicant has made a substantial showing of the denial of a constitutional right."[90] Mr. Johnson "satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."[91] We decline to issue a certificate of appealability. Reasonable jurists could not disagree with our resolution of Mr. Johnson's claims.

## III.  Conclusion

We deny Mr. Johnson's petition for a writ of habeas corpus and dismiss it. We find no basis for a certificate of appealability.

---

[1] ECF Doc. No. 22–1.

[2] 42 Pa. Cons. Stat. Ann. § 9714.

[3] *Commw. v. Johnson*, 1704 EDA 2012, 64 A.3d 287 (Table) (Pa. Super. Ct. Jan. 24, 2013).

[4] *Commw. v. Johnson*, 303 MAL 2014, 97 A.3d 743 (Table) (Pa. Aug. 21, 2014).

[5] Mr. Johnson's amended petition challenged Attorney Wheeler's failure to (1) obtain pictures of the car showing the bullet in the back seat and video recordings of the incident; (2) file a motion to suppress the arrest for lack of probable cause; (3) request the court compel the testimony of defense witness Terrell Gordon at trial after Mr. Gordon failed to appear under a trial subpoena and Attorney Wheeler took no further action to compel Mr. Gordon's testimony; (4) seek a jury instruction on "justification" where the defense based its theory on Mr. Johnson's justification in moving his car because he feared for his life after police opened fire on him; (5) object to inferences by Commonwealth witnesses Mr. Johnson had been involved in criminal activity for which the police investigated him at the time of the incident; (6) introduce evidence regarding Mr. Johnson's mental health to show he reasonably believed he feared for his life causing him to move his car; and (7) communicate the Commonwealth's plea offer to Mr. Johnson.

[6] Judge John P. Capuzzi, Sr. received reassignment of the matter in February 2018 after Judge Nilon retired from the Delaware County Court of Common Pleas in December 2017 and passed away in January 2018.

[7] 466 U.S. 668 (1984).

[8] *Commw. v. Johnson*, 1778 EDA 2018, 209 A.3d 485 (Table) (Pa. Super. Ct. Jan. 7, 2019).

[9] *Commw. v. Johnson*, 68 MAL 2019, 215 A.3d 968 (Table) (Pa. June 25, 2019).

[10] Mr. Johnson identifies his ineffective assistance of PCRA counsel claims as: failing to request a stay until information could be obtained from two new witnesses; a violation of the Confrontation Clause regarding a police informant also characterized by Mr. Johnson as a violation of *Brady v. Maryland*; failing to assert Mr. Johnson's mental health history or medications taken during the time of his arrest; and failing to challenge the legality of Mr. Johnson's sentence. *See* ECF Doc. No. 1 at 7–8, ¶ (c)(5).

[11] *Commw. v. Johnson*, 911 EDA 2020, 251 A.3d 1216 (Table) (Pa. Super. Ct. Mar. 8, 2021).

[12] *Commw. v. Johnson*, 218 MAL 2021, 263 A.3d 553 (Table) (Pa. Sept. 22, 2021).

[13] ECF Doc. No. 1.

[14] ECF Doc. No. 3 ¶¶ 3, 4. Mr. Johnson also moved to proceed *in forma pauperis*. ECF Doc. No. 5.

[15] ECF Doc. No. 3 ¶¶ 4, 5, 8.

[16] ECF Doc. No. 6. The Clerk of the Court reassigned this case to our calendar from Judge Jones's calendar on July 21, 2022 upon Judge Jones's retirement. ECF Doc. No. 13.

[17] ECF Doc. No. 7.

[18] ECF Doc. No. 9.

[19] ECF Doc. No. 10.

[20] *Id.* ¶ 6.

[21] ECF Doc. No. 14.

[22] ECF Doc. No. 15.

[23] ECF Doc. No. 16; *Brady v. Maryland*, 373 U.S. 83 (1963). In *Brady*, the Supreme Court held a state prosecutor's suppression of evidence favorable to an accused violates the Due Process Clause of the Fourteenth Amendment.

[24] ECF Doc. No. 16 at 1, ¶ 1.

[25] *Id.* at 2, ¶ 1.

[26] ECF Doc. No. 18.

[27] ECF Doc. No. 22.

[28] *Shinn v. Ramirez*, 142 S.Ct. 1718, 1731, 212 L.Ed 2d 713 (2022) (quoting *Harrington v. Richter*, 562 U.S. 86, 102–103 (2011)).

[29] 28 U.S.C. § 2254(d) (emphasis added).

[30] *Shinn*, 142 S.Ct. at 1732 (citing 28 U.S.C. § 2254(b)(1)(A)).

[31] *Id.* at 1732.

[32] *Id.* (citing *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011) and quoting *Harrington*, 562 U.S. at 102).

[33] 28 U.S.C. § 2254(e)(1).

[34] *Id.*

[35] *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

[36] *Strickland v. Washington*, 466 U.S. 668 (1984).

[37] *Coleman v. Thompson*, 501 U.S. 722, 755 (1991); *Shinn v. Ramirez*, 142 S. Ct. 1718, 1737, 212 L. Ed. 2d 713 (2022) (since *Coleman*, "we have repeatedly reaffirmed that there is no constitutional right to counsel in state postconviction proceedings.").

[38] *Strickland*, 466 U.S. at 687.

[39] *Id.*

[40] *Id.* at 689.

[41] *Werts v. Vaughn*, 228 F.3d 178, 203 (3d Cir. 2000).

[42] *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)).

[43] *Id.*

[44] *Harrington*, 562 U.S. at 102 ("If this standard is difficult to meet, that is because it was meant to be.").

[45] ECF Doc. No. 1 at 9, ¶ 11.

[46] *Dist. of Columbia v. Wesby*, 138 S. Ct. 577, 586, 199 L. Ed. 2d 453 (2018) (quoting *Maryland v. Pringle*, 540 U.S. 366, 371 (2003)).

[47] *Id.*

[48] *Id.* (quoting *Kaley v. United States*, 571 U.S. 320, 338 (2014)).

[49] Under Pennsylvania law, "use of force justifiable for protection of the person" is not available "to resist an arrest which the actor knows is being made by a peace officer, although the arrest is unlawful; …" 18 Pa. Cons. Stat. Ann. §§ 505(a), (b). Judge Capuzzi focused his analysis on the testimony at the PCRA hearing as inconsistent with a justification defense.

[50] PCRA hearing, July 14, 2017, Notes of Testimony at 97–99.

[51] *Id.*, N.T. at 16.

[52] *Id.*

[53] *Id.* at 19–20.

[54] Trial, March 27, 2012, N.T. at 154–55.

[55] *Harrington*, 562 U.S. at 105.

[56] PCRA hearing, July 14, 2017, N.T. at 116.

[57] *Id.* at 117.

[58] *Id.* at 117–20.

[59] *Id.* at 121.

[60] *Id.* at 122.

[61] *Id.*

[62] *Id.* at 122–24.

[63] *Id.* at 127–28.

[64] *Id.* at 86–87.

[65] *Id.* at 25.

[66] *Id.* at 25–29.

[67] *Id.*

[68] *Id.* at 34, 38–40.

[69] *Id.* at 39–41.

[70] 28 U.S.C. § 2254(d)(2).

[71] These claims were unexhausted at the time Mr. Johnson filed his habeas petition here leading Judge Strawbridge to stay the habeas petition while Mr. Johnson exhausted his claims in state court.

[72] 42 Pa. Cons. Stat. Ann. § 9545(b)(1).

[73] *Scott v. Pa. Bd. of Probation and Parole*, 284 A.3d 178, 187 (Pa. 2022).

[74] *Id.* (citing *Commw. v. Peterkin*, 722 A.2d 638, 642 (Pa. 1998)).

[75] *Commw. v. Johnson*, No. 911 EDA 2020, at 4 (Pa. Super. Ct. Mar. 8, 2021).

[76] *Id.* at 4–5.

[77] *Id.* at 5.

[78] *Id.* at 6.

[79] *Id.* at 6–7.

[80] *Merritt v. Blaine*, 326 F.3d 157, 163–64 (3d Cir. 2003).

[81] *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (citation omitted).

[82] *Merritt*, 326 F.3d at 165–66.

[83] ECF Doc. No. 16.

[84] *Id.* at 2, ¶ 1.

[85] *Id.* at 1, ¶ 1.

[86] *Rolan v. Vaughn*, 445 F.3d 671, 680 (3d Cir. 2006).

[87] 28 U.S.C. § 2254(d).

[88] *Id.* § 2254(e)(1).

[89] 28 U.S.C. § 2253(c)(1)(A).

[90] 28 U.S.C. § 2253(c)(2).

[91] *Miller-El v. Cockrell*, 537 U.S. 322, 323 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).